United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DOLORES L. NIEVES, individually, and as TRUSTEE OF THE DOLORES L. NIEVES FAMILY LIVING TRUST DATED MARCH 10, 2000,

    Plaintiff,

  v.

JPMORGAN BANK, N.A., a Delaware corporation, CHASE HOME FINANCE, LLC, a New Jersey limited liability company, CALIFORNIA RECONVEYANCE COMPANY, a California corporation, and DOES 1 through 100, inclusive,

    Defendants.

No. C 11-05260 WHA

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND VACATING HEARING**

## INTRODUCTION

Defendants move to dismiss plaintiff's claim pursuant to FRCP 12(b)(6). For the reasons stated below, the motion is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

Plaintiff Dolores Nieves is the owner of real property located at 1140 Lemos Lane, Fremont, California. Defendants are JPMorgan Chase Bank, N.A., successor by merger to Chase Home Financial, LLC, and California Reconveyance Company, acquirer of certain assets and liabilities of WaMu. On or about January 25, 2007, plaintiff obtained a loan against her residence from WaMu. Prior to entering into this loan agreement, plaintiff had no outstanding

mortgages on the property. Plaintiff alleges that the loan documents she received did not comply with TILA provisions that require the loan documents to contain a "clear and conspicuous disclosure of the date of the transaction and the date upon which the rescission rights terminate." Specifically, plaintiff alleges that the copy of the right-to-cancel notice she received did not contain the date the cancellation period began, nor the final date to cancel. In addition, plaintiff also claims that she only received one copy of her notice, not two as required by statute. Due to these defects in the loan documents, plaintiff argues that her right to cancel did not expire until on or around January 25, 2011.

On August 14, 2009, plaintiff's counsel sent a letter to WaMu notifying them that plaintiff sought to rescind her loan pursuant to 15 U.S.C. 1635(f), and that she was able and willing to tender the full amount due under the mortgage. In September 2009, plaintiff was notified by mail that her loan was now serviced by Chase Home Finance. The letter neither accepted nor denied plaintiff's request for rescission. On March 23, 2010, plaintiff's counsel received a letter from Chase Home Finance denying plaintiff's request to rescind. The complaint alleges that plaintiff and defendants had been in negotiations to resolve this dispute without resorting to litigation but were unable to. Plaintiff states that during these negotiations, defendants granted extensions of time for plaintiff to file suit should it be necessary. On June 23, 2011, with no resolution reached, plaintiff again attempted to rescind her loan by mailing a check for the full amount due to defendants. Defendants returned the check and denied plaintiff's request to rescind. This action was commenced on August 8, 2011, and asserted five claims against defendants. Plaintiff now seeks: (1) damages pursuant to TILA Section 1640(e); (2) rescission pursuant to TILA Section 1635(f); (3) quiet title and expungement of liens; (4) cancellation of written instruments; and (5) declaratory relief (Compl. ¶¶ 1–87). Defendants now move to dismiss for failure to state a claim upon which relief may be granted.

**ANALYSIS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

1  A claim is facially plausible when there are sufficient factual allegations to draw a reasonable

2  inference that the defendants are liable for the misconduct alleged. While a court "must take all

3  of the factual allegations in the complaint as true," it is "not bound to accept as true a legal

4  conclusion couched as a factual allegation." *Id*. at 1949–50.

### 1. CHASE'S ASSUMPTION OF WAMU ASSETS PRECLUDES SOME, BUT NOT ALL, RECOVERY UNDER SECTION 1640(e).

On September 25, 2008, the Office of Thrift Supervision closed WaMu and appointed the FDIC as receiver. Chase then entered into a purchase-and-assumption agreement with the FDIC to assume certain assets of WaMu. That agreement includes the following provision:

> Notwithstanding anything to the contrary in this Agreement, any liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower, whether or not such liability is reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable, judicial or extra-judicial, secured or unsecured, whether asserted affirmatively or defensively, related in any way to any loan or commitment to lend made by the Failed Bank [WaMu] prior to failure, or to any loan made by a third party in connection with a loan which is or was held by the Failed Bank, or otherwise arising in connection with the Failed Bank's lending or loan purchase activities are specifically not assumed by the Assuming Bank [Chase].

Defendants are not responsible for any liability related to loans made by WaMu prior to defendants' assumption of the loans. All liability remained with the FDIC.

Plaintiff's complaint alleges that defendants are liable for actual and statutory damages resulting from the deficiencies in plaintiff's loan disclosures and for defendants' refusal to honor plaintiff's exercise of rescission under Section 1635(f) (Compl. ¶ 63). Plaintiff's loan originated with WaMu, and therefore, to the extent plaintiff's claims for damages premised on wrongdoing that occurred when the loan originated, the claims are precluded (RJN 1). However, plaintiff also asserts that defendant Chase is liable for damages under Section 1640(e) for its improper revocation of plaintiff's exercise of rescission, which occurred after the purchase-and-assignment agreement was executed (*id.* at ¶ 55).

Section 1640(e)'s one-year statute of limitations extinguishes one year from the date of the occurrence of the violation, and is subject to the doctrine of equitable tolling. *King v.*

3

*California*, 784 F.2d 910, 915 (9th Cir. 1986). Defendants denied plaintiff the right to rescind on March 23, 2010, and therefore, the statute of limitations for this alleged violation expired March 23, 2011. Because plaintiff's complaint was filed on August 8, 2011, plaintiff's claim is too late. Plaintiff has pleaded no facts to support a finding that the statute of limitations was tolled. Therefore, defendants' motion to dismiss plaintiff's claim for statutory damages is **GRANTED**.

### 2. PLAINTIFF'S TILA SECTION 1635(f) CLAIM.

Plaintiff alleges that the purchase-and-assumption agreement does not preclude defendants from being subject to TILA rescission (Opp. 3–6). "If the required [TILA] notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation [of the loan]." 12 C.F.R. 226.23(a)(3). "The 3-year period of § 1635(f), however, is not a statute of limitation that governs only the institution of suit; instead, it operates, with the lapse of time, to [completely] extinguish the right of rescission [after three years]." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410 (1998). Where a plaintiff has failed to "attempt to rescind against the proper entity within the three-year limitation period, her right to rescind [is] expired." *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164–65 (9th Cir. 2002). "Any consumer who has the right to rescind a transaction under section 1635 of this title may rescind the transaction as against any assignee of the obligation." 15 U.S.C. 1641(c). "To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail." 12 C.F.R. 226.23(a)(1)–(2).

Defendants argue that plaintiff may not exercise her right to rescission under Section 1635 because of the purchase-and-assumption agreement. However, while it is true that defendants did not assume any of the liabilities associated with the purchased loans, it is incorrect to say that they did not assume the position of the assignee of the obligations of the loan. To say otherwise would render defendants unable to enforce any of the loan provisions, and therefore unable to collect payments under the loan. Surely defendants do not intend this contention. The ability to enforce the loan provisions stems from defendants' position as an assignee of the loan obligations. Rescission of a loan is a right exercised against the holder of

4

1 the asset, and because defendants are the assignee of plaintiff's loan, any right to rescission is not
2 extinguished by the purchase-and-assumption agreement. 15 U.S.C. 1641(c).

3 As discussed below, plaintiff's quiet title and cancellation of written instruments claims
4 are both cumulative of a viable Section 1635(f) claim. Therefore, even though defendants did
5 not brief the issue regarding the applicability of Section 1635(f)'s statute of limitations to
6 plaintiff's claim, this order must rule on the issue nonetheless.

7 Plaintiff's loan closed on or about January 25, 2007. Plaintiff alleges deficiencies in her
8 initial loan documents, and thus argues that her right to rescission was extended to three years
9 pursuant to 12 C.F.R. 226.23 (Compl. ¶¶ 19–29). Plaintiff's right to seek rescission under
10 Section 1635(f) expired on our around January 25, 2010. Plaintiff allegedly exercised her
11 statutory right to rescission on August 14, 2009, when plaintiff's counsel mailed a rescission
12 notice to WaMu (Compl. ¶ 30, Exh. C). Though WaMu was no longer the holder of the note at
13 the time, a letter from defendant Chase, dated September 30, 2009, indicated that they did indeed
14 receive the notice of rescission and that the matter was being investigated (*id.* at Exh. D).
15 Therefore, based on the pleadings, plaintiff attempted to exercise her right to rescind by
16 notifying defendants by mail within the applicable statute of limitations. Defendants denied
17 plaintiff's rescission, stating that no TILA violations were found that would warrant the exercise
18 of plaintiff's right (*id.* at Exh. E). However, whether plaintiff properly exercised her right to
19 rescission is premature at this stage. It is enough that a reasonable inference can be made that
20 plaintiff is entitled to relief based on her Section 1635(f) claim. The merits of the her rescission
21 are factual issues better left to resolution at trial. Accordingly, defendants' motion to dismiss
22 plaintiff's Section 1635(f) claim is **DENIED**.

23 **3.    PLAINTIFF'S QUIET TITLE CLAIM.**

24 California Code of Civil Procedure Section 760.020 allows a party to bring an action
25 "to establish title against adverse claims to real or personal property or any interest therein."
26 Section 760.020's right "is cumulative and not exclusive of any other remedy, form or right of
27 action." CAL. CIV. CODE § 760.030(a). "[A] mortgagor of real property cannot, without paying

5

1  his debt, quiet his title against the mortgagee." *Miller v. Provost*, 26 Cal. App. 4th 1703, 1707
2  (1994).

3  Defendants' motion relies on the argument that plaintiff's claim to quiet title is not
4  cumulative of any other valid claim (Br. 6–7). Plaintiff has alleged that she properly exercised
5  her right to rescind, and therefore, title to her property vested in her. Furthermore, plaintiff has
6  alleged that she attempted to tender payment in full, and is still willing to do so (Compl.
7  ¶¶ 67–72). Plaintiff's quiet title claim is cumulative to her Section 1635(f) rescission claim.
8  Plaintiff has pleaded sufficient facts to support an inference that there is a material dispute as to
9  who rightfully owns title to her property. Based on the above reasoning, defendants' motion to
10 dismiss plaintiff's quiet title claim is **DENIED**.

**4.   PLAINTIFF'S CANCELLATION OF WRITTEN INSTRUMENTS CLAIM.**

12 Plaintiff argues that defendants' continued possession of a promissory note and its use
13 to claim interest in plaintiff's property is improper. Plaintiff is requesting that title be quieted
14 in order to determine who is the rightful owner of plaintiff's property (Compl. ¶¶ 68–76).
15 "A written instrument, in respect to which there is a reasonable apprehension that if left
16 outstanding it may cause serious injury to a person against whom it is void or voidable, may,
17 upon his application, be so adjudged, and ordered to be delivered up or canceled." CAL. CIV.
18 CODE § 3412.

19 Plaintiff asserts that she properly exercised her right to rescind and defendants have
20 refused to accept her rescission. By doing so, they have also failed to return to her the mortgage
21 note and deed of trust to her property and cancel the loan agreement. Plaintiff alleges that
22 defendants have therefore wrongfully denied her full ownership of her property. Defendants'
23 motion to dismiss plaintiff's cancellation of written instruments claim rests on the argument
24 that plaintiff has failed to plead an underlying claim that would support cancellation of a written
25 instrument (Br. 6–7). Because this order finds that plaintiff has asserted a viable Section 1635(f)
26 claim, defendants' motion is **DENIED**.

**5. PLAINTIFF'S CLAIM FOR DECLARATORY RELIEF.**

Plaintiff's complaint seeks declaratory relief; however, the claim is actually a request for remedy because plaintiff is seeking a declaration that her Section 1635(f) rescission was valid. In order to determine whether declaratory relief is appropriate, the underlying Section 1635(f) claim must be examined. *See Boeing Co. v. Cascades Corp.*, 207 F.3d 1177, 1192 (9th Cir. 2000). Until plaintiff's claim is finally determined, it is impossible for this order to say that declaratory relief will not be available. Accordingly, defendants' motion to dismiss this claim is **DENIED**.

**6. REQUEST FOR JUDICIAL NOTICE.**

Defendants have requested judicial notice be taken of a purchase-and-assumption agreement entered into between defendant JPMorgan Chase and the FDIC (Br. 3). Defendants have also requested that judicial notice be taken of the deed of trust to plaintiff's property (RJN 1). Pursuant to Federal Rule of Evidence 201(b), defendants' request is **GRANTED**.

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. Plaintiff may seek leave to amend and will have **TWENTY-ONE CALENDAR DAYS** from the date of this order to file a motion, noticed on the normal 35-day track, for leave to file an amended complaint. Plaintiff must append to its motion a proposed amended complaint that clearly explains how the amendments cure the defects identified herein. The hearing scheduled for March 1, 2012, is **VACATED**.

**IT IS SO ORDERED.**

Dated: February 14, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7