**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES L. NIEVES, individually and as trustee of the Dolores L. Nieves Family Living Trust dated March 10, 2000,<br><br>    Plaintiff,<br><br>  v.<br><br>JPMORGAN BANK, N.A., a Delaware Corporation, CHASE HOME FINANCE, LLC, a New Jersey Limited Liability Company, CALIFORNIA RECONVEYANCE COMPANY, a California Corporation,<br><br>    Defendants.<br>                              / | No. C 11-05260 WHA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT, GRANTING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE, AND VACATING HEARING** |

On March 6, 2012, plaintiff Dolores L. Nieves moved for leave to file an amended complaint. Defendants JP Morgan Bank, NA, Chase Home Finance, LLC, and California Reconveyance Company opposed. By order dated February 14, 2012, plaintiff was permitted to seek leave to file a first amended complaint, as to the claim dismissed therein. Plaintiff's claim for damages pursuant to TILA Section 1640(e) was the only claim dismissed by the order.

Plaintiff's proposed first amended complaint seeks to remedy the defect in her TILA Section 1640(e) claim and to add a claim for financial elder abuse under the California Elder Abuse and Dependent Adult Civil Protection Act and a claim for rescission under California Civil Code Section 1689(b). Pursuant to the case management order, plaintiff may seek leave to add new parties and pleading amendments until April 30, 2012.

1    Under Rule 15(a)(2), leave to amend should be given when justice so requires. The
2 underlying purpose of Rule 15 is to facilitate decisions on the merits, rather than on the
3 pleadings or technicalities. *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). This
4 policy "should be applied with extreme liberality." *Ibid*. In the absence of an apparent reason,
5 such as undue delay, bad faith, undue prejudice, or futility of amendment, leave should be
6 "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

7    As to the TILA claim under Section 1640(e), the dismissal order stated, "Defendants
8 denied plaintiff the right to rescind on March 23, 2010, and therefore, the statute of limitations
9 for this alleged violation expired March 23, 2011. Because plaintiff's complaint was filed on
10 August 8, 2011, plaintiff's claim is too late. Plaintiff has pleaded no facts to support a finding
11 that the statute of limitations was tolled" (Dkt. No. 21 at 4). The proposed first amended
12 complaint cures this deficiency. Plaintiff alleges that on August 13, 2010, defendants agreed to
13 toll the relevant statute of limitations 90 days from August 14, 2010. Plaintiff further alleges that
14 defendants agreed to toll the relevant statute of limitations again on October 28, 2010, March 1,
15 2011, and May 4. Appended to plaintiff's complaint are the relevant tolling agreements.
16 Defendants oppose by attempting to relitigate issues previously decided in the dismissal order,
17 namely that the statute of limitations began to run on March 23, 2010, and that "[r]escission of a
18 loan is a right exercised against the holder of the asset, and because defendants are the assignee
19 of plaintiff's loan, any right to rescission is not extinguished by the purchase-and-assumption
20 agreement" (Dkt. No. 21 at 4–5). Leave to amend the Section 1640(e) claim is **GRANTED**.

21    Plaintiff seeks to add a claim for financial elder abuse in violation of Section 15610.30 of
22 the California Welfare and Institutions Code. Section 15610.30 states "financial abuse of an
23 elder or dependent adult occurs when a person or entity does any of the following: (1) takes,
24 secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult
25 for a wrongful use or with intent to defraud, or both." Plaintiff alleges, by "failing to return to
26 plaintiff the mortgage note and deed of trust to her property and failing to cancel the loan
27 agreement after she properly exercised her right to rescind, defendants took, secreted,
28 appropriated, obtained, and/or retained real or personal property of an elder for a wrongful use

**United States District Court**
For the Northern District of California

2

and/or with intent to defraud" (Steele Exh. A ¶ 89). "Defendants deprived decedent of a property right . . . and defendants knew or should have known that their conduct was likely to be harmful to an elder (*id*. ¶¶ 90–91). Defendants contend leave to amend would be futile, arguing plaintiff has not alleged facts sufficient to support a claim that defendants violated Section 15610.30. At this stage, given the allegations pleaded in the proposed amended complaint, it cannot be said that the proposed amendments would be futile. Thus, leave to amend the complaint to add the Section 15610.30 claim is **GRANTED**.

Plaintiff also seeks to add a claim for rescission under California Civil Code Section 1689(b). Pursuant to California Civil Code Section 1689(b):

> A party to a contract may rescind the contract . . . (1) If the consent of the party rescinding, or of any party jointly contracting with him, was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party. (2) If the consideration for the obligation of the rescinding party fails, in whole or in part, through the fault of the party as to whom he rescinds. (3) If the consideration for the obligation of the rescinding party becomes entirely void from any cause. (4) If the consideration for the obligation of the rescinding party, before it is rendered to him, fails in a material respect from any cause. (5) If the contract is unlawful for causes which do not appear in its terms or conditions, and the parties are not equally at fault. (6) If the public interest will be prejudiced by permitting the contract to stand.

Plaintiff alleges to the extent she consented to the subject loan, it was a mistake (Steele Exh. A ¶ 98). She further alleges that "to the extent [she] consented to the subject loan, her alleged consent to the transaction was given through duress, menace, fraud, and/or undue influence, exercised by or with the connivance of defendants or defendants' predecessors" (*id*. ¶ 99). She alleges that consideration for her obligations under the subject loan failed through the fault of defendants, became void by defendants' TILA violations, and failed in a material respect before it was rendered to her (*id*. ¶¶ 100–02). Finally, she alleges "the public interest will be prejudiced by permitting the subject loan to stand, because those elders similarly situated to plaintiff will be more vulnerable to improper residential loans in direct contravention of public policy" (*id*. ¶ 104). Amendment to add this claim would not be futile. Leave to amend is **GRANTED**.

3

Defendants oppose plaintiff seeking relief for restitution under Section 1689(b). Plaintiff seeks restitution according to proof. This is appropriate.

Defendants request judicial notice of: (1) a copy of the deed of trust recorded by the Alameda County Recorder's Office as instrument number 2007050041; (2) a copy of the September 25, 2008 Purchase and Assumption Agreement; and (3) the Court's order dated February 14, 2012. The request for judicial notice is **GRANTED**. FRE 201. The hearing set for April 12, 2012 is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: April 9, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4