**United States District Court**
For the Northern District of California

1

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   DOLORES L. NIEVES, individually and as trustee        No. C 11-05260 WHA
     of the Dolores L. Nieves Family Living Trust dated
11   March 10, 2000,

12              Plaintiff,                                  **ORDER GRANTING
                                                           PLAINTIFF'S MOTION
13      v.                                                  FOR LEAVE TO FILE AN
                                                           AMENDED COMPLAINT,
14   JPMORGAN BANK, N.A., a Delaware Corporation,          GRANTING DEFENDANTS'
     CHASE HOME FINANCE, LLC, a New Jersey                 REQUEST FOR JUDICIAL
15   Limited Liability Company, CALIFORNIA                 NOTICE, AND VACATING
     RECONVEYANCE COMPANY, a California                    HEARING**
16   Corporation,

17              Defendants.

18   _____/

19        On March 6, 2012, plaintiff Dolores L. Nieves moved for leave to file an amended

20   complaint.  Defendants JP Morgan Bank, NA, Chase Home Finance, LLC, and California

21   Reconveyance Company opposed.  By order dated February 14, 2012, plaintiff was permitted to

22   seek leave to file a first amended complaint, as to the claim dismissed therein.  Plaintiff's claim

23   for damages pursuant to TILA Section 1640(e) was the only claim dismissed by the order.

24        Plaintiff's proposed first amended complaint seeks to remedy the defect in her TILA

25   Section 1640(e) claim and to add a claim for financial elder abuse under the California Elder

26   Abuse and Dependent Adult Civil Protection Act and a claim for rescission under California

27   Civil Code Section 1689(b).  Pursuant to the case management order, plaintiff may seek leave to

28   add new parties and pleading amendments until April 30, 2012.

1    Under Rule 15(a)(2), leave to amend should be given when justice so requires. The

2 underlying purpose of Rule 15 is to facilitate decisions on the merits, rather than on the

3 pleadings or technicalities. *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). This

4 policy "should be applied with extreme liberality." *Ibid*. In the absence of an apparent reason,

5 such as undue delay, bad faith, undue prejudice, or futility of amendment, leave should be

6 "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

7    As to the TILA claim under Section 1640(e), the dismissal order stated, "Defendants

8 denied plaintiff the right to rescind on March 23, 2010, and therefore, the statute of limitations

9 for this alleged violation expired March 23, 2011. Because plaintiff's complaint was filed on

10 August 8, 2011, plaintiff's claim is too late. Plaintiff has pleaded no facts to support a finding

11 that the statute of limitations was tolled" (Dkt. No. 21 at 4). The proposed first amended

12 complaint cures this deficiency. Plaintiff alleges that on August 13, 2010, defendants agreed to

13 toll the relevant statute of limitations 90 days from August 14, 2010. Plaintiff further alleges that

14 defendants agreed to toll the relevant statute of limitations again on October 28, 2010, March 1,

15 2011, and May 4. Appended to plaintiff's complaint are the relevant tolling agreements.

16 Defendants oppose by attempting to relitigate issues previously decided in the dismissal order,

17 namely that the statute of limitations began to run on March 23, 2010, and that "[r]escission of a

18 loan is a right exercised against the holder of the asset, and because defendants are the assignee

19 of plaintiff's loan, any right to rescission is not extinguished by the purchase-and-assumption

20 agreement" (Dkt. No. 21 at 4–5). Leave to amend the Section 1640(e) claim is **GRANTED**.

21    Plaintiff seeks to add a claim for financial elder abuse in violation of Section 15610.30 of

22 the California Welfare and Institutions Code. Section 15610.30 states "financial abuse of an

23 elder or dependent adult occurs when a person or entity does any of the following: (1) takes,

24 secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult

25 for a wrongful use or with intent to defraud, or both." Plaintiff alleges, by "failing to return to

26 plaintiff the mortgage note and deed of trust to her property and failing to cancel the loan

27 agreement after she properly exercised her right to rescind, defendants took, secreted,

28 appropriated, obtained, and/or retained real or personal property of an elder for a wrongful use

United States District Court
For the Northern District of California

2

United States District Court

For the Northern District of California

1    and/or with intent to defraud" (Steele Exh. A ¶ 89).  "Defendants deprived decedent of a

2    property right . . . and defendants knew or should have known that their conduct was likely to be

3    harmful to an elder (*id*. ¶¶ 90–91).  Defendants contend leave to amend would be futile, arguing

4    plaintiff has not alleged facts sufficient to support a claim that defendants violated Section

5    15610.30.  At this stage, given the allegations pleaded in the proposed amended complaint, it

6    cannot be said that the proposed amendments would be futile.   Thus, leave to amend the

7    complaint to add the Section 15610.30 claim is **GRANTED**.

8         Plaintiff also seeks to add a claim for rescission under California Civil Code Section

9    1689(b).  Pursuant to California Civil Code Section 1689(b):

10        A party to a contract may rescind the contract . . . (1) If the consent
          of the party rescinding, or of any party jointly contracting with
11        him, was given by mistake, or obtained through duress, menace,
          fraud, or undue influence, exercised by or with the connivance of
12        the party as to whom he rescinds, or of any other party to the
          contract jointly interested with such party.  (2) If the consideration
13        for the obligation of the rescinding party fails, in whole or in part,
          through the fault of the party as to whom he rescinds.  (3) If the
14        consideration for the obligation of the rescinding party becomes
          entirely void from any cause.  (4) If the consideration for the
15        obligation of the rescinding party, before it is rendered to him, fails
          in a material respect from any cause.  (5) If the contract is unlawful
16        for causes which do not appear in its terms or conditions, and the
          parties are not equally at fault.  (6) If the public interest will be
17        prejudiced by permitting the contract to stand.

18        Plaintiff alleges to the extent she consented to the subject loan, it was a mistake (Steele

19   Exh. A ¶ 98).  She further alleges that "to the extent [she] consented to the subject loan, her

20   alleged consent to the transaction was given through duress, menace, fraud, and/or undue

21   influence, exercised by or with the connivance of defendants or defendants' predecessors" (*id.* ¶

22   99).  She alleges that consideration for her obligations under the subject loan failed through the

23   fault of defendants, became void by defendants' TILA violations, and failed in a material

24   respect before it was rendered to her (*id.* ¶¶ 100–02).  Finally, she alleges "the public interest

25   will be prejudiced by permitting the subject loan to stand, because those elders similarly

26   situated to plaintiff will be more vulnerable to improper residential loans in direct contravention

27   of public policy" (*id.* ¶ 104).  Amendment to add this claim would not be futile.  Leave to

28   amend is **GRANTED**.

United States District Court

For the Northern District of California

1    Defendants oppose plaintiff seeking relief for restitution under Section 1689(b).

2  Plaintiff seeks restitution according to proof.  This is appropriate.

3    Defendants request judicial notice of:  (1) a copy of the deed of trust recorded by the

4  Alameda County Recorder's Office as instrument number 2007050041; (2) a copy of the

5  September 25, 2008 Purchase and Assumption Agreement; and (3) the Court's order dated

6  February 14, 2012.  The request for judicial notice is **GRANTED**.  FRE 201.  The hearing set for

7  April 12, 2012 is hereby **VACATED**.

8

9    **IT IS SO ORDERED.**

10

11  Dated:  April 9, 2012.

                                                    WILLIAM ALSUP
12                                                  UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4