IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES L. NIEVES, individually and as TRUSTEE OF THE DOLORES L. NIEVES FAMILY LIVING TRUST DATED MARCH 10, 2000,<br><br>    Plaintiff,<br><br>  v.<br><br>JPMORGAN BANK, N.A., a Delaware corporation; CHASE HOME FINANCE LLC, a New Jersey Limited Liability Company; CALIFORNIA RECONVEYANCE COMPANY, a California corporation, and DOES 1 through 100, inclusive.<br><br>    Defendants. | No. C 11-05260 WHA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, GRANTING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE, AND VACATING HEARING** |

**INTRODUCTION**

In this mortgage-loan dispute, defendants move to dismiss or strike the prayer for punitive damages. For the following reasons, defendants' motion to dismiss is **GRANTED.**

**STATEMENT**

Plaintiff Dolores Nieves is the owner of real property in Fremont, California. Defendants are JPMorgan Chase Bank, N.A., successor by merger to Chase Home Financial, LLC, and California Reconveyance Company, acquirer of certain assets and liabilities of Washington Mutual Bank. On or about January 25, 2007, plaintiff obtained a loan against her residence from Washington Mutual. Prior thereto, plaintiff had no outstanding encumbrances

on the property. Plaintiff alleges that the loan documents she received did not comply with TILA provisions that required the loan documents to contain a "clear and conspicuous disclosure of the date of the transaction and the date upon which the rescission rights terminate." Specifically, plaintiff alleges that the copy of the right-to-cancel notice she received omitted the date the cancellation period began and the final date to cancel. In addition, plaintiff also claims that she only received one copy of her notice, not two as required by statute. Due to these defects in the loan documents, plaintiff argues that her right to cancel did not expire until on or around January 25, 2011 (First Amd. Compl. ¶ 26).

On August 14, 2009, plaintiff's counsel sent a letter to Washington Mutual notifying it that plaintiff sought to rescind her loan pursuant to 15 U.S.C. 1653(f), and that she was able and willing to tender the full amount due. In September 2009, however, plaintiff was notified by mail that her loan was now serviced by Chase Home Finance. The letter neither accepted nor denied plaintiff's request for rescission. On March 23, 2010, plaintiff's counsel received a letter from Chase Home Finance denying plaintiff's request to rescind. The complaint alleges that plaintiff and defendants had been in negotiations to resolve this dispute without resorting to litigation but were unable to come to an agreement. Plaintiff states that during these negotiations, defendants granted extensions of time for plaintiff to file suit should it be necessary. On June 23, 2011, with no resolution reached, plaintiff again attempted to rescind her loan by mailing a check for the full amount due to defendants. Defendants returned the check and denied plaintiff's request to rescind.

This action was commenced on August 8, 2011. On January 12, 2012, defendants moved to dismiss several of plaintiff's claims asserted in her original complaint. Only one of plaintiff's claims, her claim for statutory damages pursuant to TILA Section 1640(e), was dismissed. Plaintiff filed her first amended complaint on April 11, 2012. Plaintiff now seeks: (1) rescission pursuant to TILA Section 1635(f); (2) quiet title and expungement of liens; (3) cancellation of written instruments; (4) declaratory relief; (5) damages for financial abuse of an elder pursuant to the California Elder Abuse and Dependent Adult Civil Protection Act ("EADACPA"); and (6) rescission pursuant to California Civil Code Section 1689(b) (First Amd. Compl. ¶¶ 1–105).

1  All defendants move to dismiss, or in the alternative, strike, plaintiff's request for punitive
2  damages for financial abuse of an elder pursuant to EADACPA. Defendants also request judicial
3  notice of a copy of a deed of trust for plaintiff's property.

**ANALYSIS**

**1. MOTION TO DISMISS.**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendants are liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation" (*id.* at 1949–50).

Defendants' motion to dismiss plaintiff's request for punitive damages rests on the argument that plaintiff has pled insufficient facts to meet the standard for recovery of punitive damages under the EADACPA (Reply Br. 3). To recover punitive damages for financial abuse of an elder under the EADACPA, plaintiff must prove "by clear and convincing evidence" that defendants have been guilty of "recklessness, oppression, fraud, or malice in the commission of the abuse." CAL. WELF. & INST. CODE § 15657.5(b). In the context of elder abuse, recklessness involves "deliberate disregard of the high degree of probability that an injury will occur" and "rises to the level of a conscious choice of a course of action . . . with knowledge of the serious danger to others involved in it." *Delaney v. Baker*, 20 Cal. 4th 23, 31–32 (1999). Plaintiff argues that she is entitled to punitive damages based on defendants' alleged recklessness in repeatedly refusing to accept her notice of rescission (Opp. 4–5). Our court of appeals, however, has expressly held that in cases where the borrower's right to rescission under TILA is contested, the lender's security interest in a property becomes void only "when the right to rescind is determined in the borrower's favor." *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1172 (9th Cir. 2003). This occurs when "the creditor acknowledges that the right of rescission is available, or because the appropriate decision maker has so determined" (*ibid.*).

3

In the instant case, defendants have contested plaintiff's right to rescission under TILA (First Amd. Compl. Exhs. E, H). Thus, plaintiff is not entitled to rescission "without regard to whether the law permits her to rescind on the grounds asserted." *Yamamoto*, 329 F.3d at 1172. Defendants may contest plaintiff's grounds for rescission, and this Court, as the "appropriate decision maker," may resolve the dispute according to what "the law permits" (*ibid.*). Defendants cannot be said to have acted recklessly merely because they have contested the grounds for plaintiff's notice of rescission. In order for plaintiff to successfully state a claim for recklessness, plaintiff must make specific factual allegations that tend to show why defendants' refusal to grant rescission was reckless rather than a legitimate exercise of their legal right to contest plaintiff's demand.

Currently, the complaint contains a dearth of factual allegations and instead relies on conclusory statements to support the claim that defendants have been reckless in denying plaintiff's request for rescission. Merely noting that defendants have refused to grant rescission and claiming that this refusal was harmful to plaintiff is not enough to state a claim for recklessness. Plaintiff has not provided specific factual allegations that might demonstrate why defendants' refusal to rescind was reckless rather than legitimate. Accordingly, defendants' motion to dismiss plaintiff's request for punitive damages is **GRANTED.**

2. **MOTION TO STRIKE.**

Because defendants' motion to dismiss plaintiff's request for punitive damages pursuant to EADACPA is granted, defendants' motion to strike the same request is **DENIED** as moot.

3. **REQUEST FOR JUDICIAL NOTICE.**

Defendants have requested judicial notice be taken of a copy of a deed of trust to plaintiff's property, on file with the Alameda County Recorder's Office as instrument number 2007050041. Pursuant to Federal Rule of Evidence 201(b), defendants' request is **GRANTED.**

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss and request for judicial notice are **GRANTED,** while defendants' motion to strike is **DENIED.** Plaintiff may seek leave to amend the complaint and will have **FOURTEEN CALENDAR DAYS** from the date of this order to file a

4

motion, noticed on the normal 35-day track, for leave to file an amended complaint. A proposed amended complaint must be appended to the motion. This motion should clearly explain how the amendments to the complaint cure the deficiencies identified herein. The hearing set for June 7 is **VACATED.**

        **IT IS SO ORDERED.**

Dated: June 1, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE