**United States District Court**
For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   DOLORES NIEVES, individually and as Trustee          No. C 11-05260 WHA
     of the Dolores L. Nieves Family Living Trust
11   Dated March 10, 2000,

12                    Plaintiff,                          **ORDER DENYING MOTION
                                                          FOR LEAVE TO FILE A SECOND
13        v.                                              AMENDED COMPLAINT,
                                                          GRANTING REQUEST FOR
14   JP MORGAN BANK, N.A., a Delaware                     JUDICIAL NOTICE, AND
     Corporation, CHASE HOME FINANCE LLC, a              VACATING HEARING
15   New Jersey Limited Liability Company,
     CALIFORNIA RECONVEYANCE COMPANY, a
16   California Corporation,

17                    Defendants.

18   _____/

19                              **INTRODUCTION**

20        In this mortgage-loan dispute, plaintiff moves for leave to file a second amended

21   complaint.  For the reasons stated below, the motion is **DENIED**.

22                               **STATEMENT**

23        Plaintiff Dolores L. Nieves, who is represented by counsel, is the owner of real property

24   in Fremont, California.  Defendants are JP Morgan Chase Bank, N.A., successor in interest to

25   Washington Mutual Bank, who issued the subject loan, Chase Home Finance, LLC, the current

26   beneficiary of the loan, and California Reconveyance Company, the trustee of the loan.  Plaintiff

27   alleges that she was a victim of financial elder abuse, which resulted in her obtaining a $250,000

28   loan against her residence, which was not previously subject to a mortgage.

The facts have been set forth in previous orders (Dkt. Nos. 21, 36).   The gist of the complaint is that plaintiff entered into a loan transaction with Washington Mutual and the loan documents she received were defective, namely, they did not comply with numerous TILA requirements.   For example, the loan documents did not contain a "clear and conspicuous disclosure of the date of the transaction and the date upon which the rescission right terminates," and the right-to-cancel notice omitted the date the cancellation period began and the final date to cancel (Second Amd. Compl. ¶¶ 22–25).   Due to these alleged deficiencies, among others, plaintiff sought to rescind the loan on numerous occasions.   Defendants JP Morgan Chase and Chase Home Finance refused to accept the rescission.

Plaintiff's first amended complaint, like her proposed second amended complaint seeks: (1) rescission pursuant to TILA Section 1635; (2) quiet title and expungement of liens; (3) cancellation of written instruments; (4) declaratory relief; (5) damages for financial abuse of an elder pursuant to the California Elder Abuse and Dependent Adult Civil Protection Act ("EADACPA"); and (6) rescission pursuant to California Civil Code Section 1689(b). What is at issue in the instant motion is whether plaintiff should be allowed to amend the complaint to include additional allegations in support of her request for punitive damages.

On April 25, 2012, all three defendants moved to dismiss plaintiff's request for punitive damages for the financial elder abuse claim.   The complaint sought punitive damages under California Civil Code Section 3294 and the EADACPA.   In the briefing on the motion to dismiss, plaintiff dropped her argument under Section 3294 and only addressed her request for damages under the EADACPA.   By order dated June 1, 2012, the motion to dismiss the request for punitive damages was granted.   The order stated (Dkt. No. 36 at 4):

> Currently, the complaint contains a dearth of factual allegations and instead relies on conclusory statements to support the claim that defendants have been reckless in denying plaintiff's request for rescission.   Merely noting that defendants have refused to grant rescission and claiming that this refusal was harmful to plaintiff is not enough to state a claim for recklessness.   Plaintiff has not provided specific factual allegations that might demonstrate why defendants' refusal to rescind was reckless rather than legitimate.

In the motion for leave to file a second amended complaint, plaintiff seeks to revive her request for punitive damages based on California Civil Code Section 3294, arguing that the

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

newly alleged facts support a request for punitive damages thereunder.

**ANALYSIS**

**1.    STANDARD.**

Pursuant to FRCP 15(a)(2), a district court should freely give leave to amend when justice so requires, absent a showing of bad faith, dilatory motive, or undue prejudice to another party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend may be denied, however, if the proposed amendment is futile or would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendants are liable for the misconduct alleged. "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

**2.    PUNITIVE DAMAGES.**

Throughout the course of litigation, plaintiff has vacillated between two theories in support of her request for punitive damages. The first theory is based on the EADACPA and the second on California Civil Code Section 3294. To recover punitive damages for financial abuse of an elder under the EADACPA, plaintiff must prove "by clear and convincing evidence" that defendants have been guilty of "recklessness, oppression, fraud, or malice in the commission of the abuse." CAL. WELF. & INST. CODE § 15657.5(b). In the context of elder abuse, recklessness involves "deliberate disregard of the high degree of probability that an injury will occur" and "rises to the level of a conscious choice of a course of action . . . with knowledge of the serious danger to others involved in it." *Delaney v. Baker*, 20 Cal. 4th 23, 31–32 (1999). The previous dismissal order explained that plaintiff is not entitled to rescission "without regard to whether the law permits her to rescind on the grounds asserted." *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1172 (9th Cir. 2003). Thus, the order held that "[d]efendants cannot be said to have acted recklessly merely because they have contested the grounds for plaintiff's notice of rescission,"

United States District Court

For the Northern District of California

1    which was plaintiff's allegation (Dkt. No. 36 at 4).

2         Under Section 3294, punitive damages are permitted only "where defendant has been

3    guilty of oppression, fraud, or malice."  Malice is "despicable" conduct of the defendant with a

4    "willful and conscious disregard of the rights or safety of others."  Oppression is "despicable

5    conduct that subjects a person to cruel and unjust hardship in conscious disregard of that

6    person's rights."  Fraud is "an intentional misrepresentation, deceit, or concealment of a material

7    fact known to the defendant with the intention on the part of the defendant of thereby depriving a

8    person of property or legal rights or otherwise causing injury."  CAL. CIV. CODE §§

9    3294(c)(1)–(3).  In the previous motion to dismiss, plaintiff did not address the complaint's

10   request for damages under Section 3294.

11        The second amended complaint contains new allegations.  Plaintiff alleges that

12   defendants knowingly enforced their predecessor's unconscionable loan contract with plaintiff.

13   In her moving papers plaintiff *argues* that the claims for punitive damages (Br. 3):

>  arise[] form [sic] the facts that Defendants continued to enforce a
>  contract that they knew or should have known was prima facially
>  unconscionable even after Defendants were notified of the facts of
>  the underlying mortgage agreement.  It is not the Defendants'
>  refusal to grant rescission that is the basis of the punitive damages
>  claim but Defendants' continued and knowing enforcement of the
>  unconscionable contract . . . .

18   The dismissal order specifically instructed that plaintiff must explain in her motion for leave to

19   amend how the proposed amendments cure the deficiencies identified therein.  Plaintiff does not

20   explain how this new theory of unconscionability is supported in the complaint, which alleges

21   various TILA violations, namely that the loan documents she received did not comply with TILA

22   provisions that required the loan documents to contain a "clear and conspicuous disclosure of the

23   date of the transaction and the date upon which the rescission right terminates," that the right-to-

24   cancel notice she received omitted the date the cancellation period began and the final date to

25   cancel, and that she only received one copy of the right-to-cancel notice, not two, as is required

26   by statute (Second Amd. Compl. ¶¶ 17, 22–25).

27        Specifically, in support of the request for punitive damages, the proposed second

28   amended complaint alleges, that defendants are (*id.* ¶ 96):

> guilty of oppression, fraud and/or malice pursuant to Civ. Code §
> 3294(a) by (a) knowingly enforcing an unconscionable contract
> both before and after Plaintiff tendered payment of the loan
> balance, and (b) entered into a tolling agreement with Plaintiff that
> Defendants had no intention of honoring at the time it was entered
> into.

This conduct allegedly caused plaintiff, a senior citizen to "suffer loss or encumbrance of a primary residence." Said conduct is alleged to be "despicable and subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights by forcing an elderly woman to withstand years of unnecessary litigation in order to protect her basic rights" (*id.* ¶¶ 98, 101).

Still, the facts alleged are conclusory, reciting the language of the statute. Plaintiff has not sufficiently alleged why defendants actions were malicious, oppressive, or fraudulent. Neither has plaintiff alleged (or explained in her moving papers) how the complaint supports her theory that defendants can be liable for punitive damages based on "knowingly enforcing an unconscionable contract." Here, the claim for rescission arises primarily from the alleged TILA violations; plaintiff does not raise unconscionability as a defense to enforcement of the contract itself or as a basis for rescission. The heart of the dispute, as alleged in the complaint is about whether defendants violated TILA. Furthermore, as stated in the previous dismissal order, defendants cannot be said to have acted recklessly because they contested the grounds for plaintiff's notice of rescission, namely the alleged TILA violations. Allowing the proposed amendments would be futile as the request for punitive damages would be subject to dismissal.

Thus, the motion for leave to file a second amended complaint is **DENIED**. The deadline to amend the complaint set in the case management order has passed. Thus, no further amendments will be permitted.

**3.     REQUEST FOR JUDICIAL NOTICE.**

Defendants request judicial notice of: (1) a copy of the deed of trust recorded by the Alameda County Recorder's Office as instrument number 2007050041; (2) a copy of the Purchase and Assumption Agreement dated September 25, 2008; and (3) the Court's order dated February 14, 2012, and (4) the Court's order dated June 1, 2012. Plaintiff did not oppose. The request for judicial notice is **GRANTED**. FRE 201.

**CONCLUSION**

For the above-stated reasons, the motion for leave to file a second amended complaint is DENIED.  The hearing set for July 26, 2012, is hereby VACATED.


**IT IS SO ORDERED.**


Dated:  July 12, 2012.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

6