IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DOLORES NIEVES, individually and as Trustee of the Dolores L. Nieves Family Living Trust Dated March 10, 2000,

    Plaintiff,

  v.

JP MORGAN BANK, N.A., a Delaware Corporation, CHASE HOME FINANCE LLC, a New Jersey Limited Liability Company, CALIFORNIA RECONVEYANCE COMPANY, a California Corporation,

    Defendants.

No. C 11-05260 WHA

**ORDER RE DEFENDANTS' EX PARTE MOTION FOR A CONTINUANCE**

Following the denial of the parties' joint request to continue the dates set in the case management scheduling order (Dkt. No. 48), defendants filed an ex parte motion for a continuance (plaintiff has been served). Defendants' request for a continuance is based on (1) the unavailability of trial counsel due to trials in other actions scheduled for January 28 and February 4, (2) the inability to take discovery due to plaintiff's poor health, and (3) the inability to engage in mediation in early January due to a delay between when defendants learned that plaintiff was placed in a conservatorship and the appointment of the conservator on January 16.

As set by the scheduling order, dated February 9, 2012, the final pre-trial conference is scheduled for 2:00 p.m. on January 28.

No submissions have been received from either side for the final pre-trial conference. This is in violation of FRCP 16, Local Rule 16-10, and the case management order herein.

At the final pre-trial conference, the Court is inclined to dismiss this case for lack of prosecution. Please come prepared to argue this question.

In addition, defendants' motion for a continuance will be considered. Please be aware that defendants' declarations fail to state that the alleged conflicting trial dates came about despite attempts by counsel to bring the conflict to the attention of the judges in those cases. In particular, defense counsel should have told the judge in the state court action now allegedly scheduled for trial on February 4 that they had a pre-existing conflict in federal court. The record does not reflect this.

Finally, even if Mr. Yoo has a conflict, Mr. Cheng is on the pleadings and can conduct the trial in our case.

These points will be considered at the final pre-trial conference.

**IT IS SO ORDERED.**

Dated: January 22, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2